```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                      CENTRAL DIVISION at LEXINGTON
```

DAPHNE JUDE FLYNN,            )
                              )
                              )  Civil Action No. 5:06-323-JMH
     Petitioner,              )
                              )
v.                            )
                              )
MICHAEL BORDERS,              )  **MEMORANDUM OPINION & ORDER**
                              )
                              )
     Respondent.              )
                              )
                              )

                    **    **    **    **    **

In its January 11, 2007, Memorandum Opinion and Order, the Court granted Daphne Jude Flynn's petition for the return of her daughter to Ireland pursuant to the International Child Abduction Remedies Act ("ICARA"), 42 U.S.C. §§ 11601-11610 (2000). ICARA includes a provision for the payment of attorney's fees and costs, 42 U.S.C. § 11607(b)(3). Flynn submitted a motion for reimbursement of such fees by the respondent, Michael H. Borders [Record No. 25]. Borders subsequently filed a response [Record No. 31] in which he asserts that an award of fees and costs is improper for two reasons: (1) it is not possible to determine whether the requested fees and expenses were necessary, and even if they were found to be necessary, (2) an order awarding such fees would be clearly inappropriate in this case. As Flynn has filed a reply to this response [Record No. 33], the motion is now fully briefed and ripe for review.

**Applicable Law**

The following provision in ICARA governs the payment of attorney's fees and costs:

> Any Court ordering the return of a child pursuant to an action brought under section 4 shall order the respondent to pay the necessary expenses incurred by or on behalf of the petitioner, including court costs, legal fees, foster home or other care during the course of the proceedings in the action, and transportation costs related to the return of the child, unless the respondent establishes that such an award would be clearly inappropriate.

42 U.S.C. § 11607(b)(3). Stated otherwise, "ICARA requires any court ordering the return of a child under the Hague Convention to award fees and costs to the successful party unless such order would be 'clearly inappropriate.'" *Rydder v. Rydder*, 49 F.3d 369, 373 (8th Cir. 1995). The purposes of awarding costs and fees under § 11607(b)(3) are (1) "to restore the applicant to the financial position he or she would have been in had there been no removal or retention" and (2) to deter such removal or retention. Hague International Child Abduction Convention; Text and Legal Analysis, 51 Fed. Reg. 10494-01, 10511 (Mar. 26, 1986).

**Analysis**

The issues presented to the Court are whether the fees and costs submitted were necessary to secure Flynn's daughter's return to Ireland and whether Borders has established that an award of fees and costs to Flynn would be "clearly inappropriate." *See Whallon v. Lynn*, 356 F.3d 138, 140 (1st Cir. 2004).

According to the sworn affidavit of her counsel, Greg

Mitchell, Flynn incurred $9,049.50 in attorney's fees and $408.74 in costs.  Borders argues that it is not possible to determine whether the requested fees and expenses were "necessary" under the statute because Flynn did not include a detailed billing statement with her motion.  Flynn's attorneys have provided the Court with a itemized billing statement for *in camera* inspection.

Borders specifically argues that any legal fees incurred as a result of Flynn moving for a show cause order due to the parties' disagreement as to when Flynn may telephone Borders's cell phone to speak with their children were not necessary to secure Jenna's return to Ireland.  Furthermore, Borders asserts that any fees related to the parties' state court child support case should not be included in a motion for attorney's fees under § 11607.  The Court agrees with these arguments; therefore, neither the $671.50 in attorney's fees related to the motion to show cause nor the $82.50 in fees related to the matter in Scott County District Court will be awarded.  The Court has thoroughly reviewed the entire billing statement and concludes that there are no other entries that do not relate to Flynn's counsel's efforts to return Jenna to Ireland.

In general, Borders states that Flynn is seeking an award based on excessive rates and excessive time being charged for the services rendered. Borders's response focuses on how the Court's granting of Flynn's petition was erroneous.  Borders urges this

Court, as he did in his response to Flynn's initial petition, to address his disagreement and dissatisfaction with the 2001 Irish High Court Order in determining whether an award of fees and expenses in this case would be clearly inappropriate. Specifically, he claims that because the High Court Order is unenforceable, awarding fees and costs to Flynn would be inappropriate. This argument is fallacious for three reasons: First, Borders signed an Agreed Order [Record No. 29] in which he agreed to waive his right to move to amend, alter, or vacate or to file an appeal challenging the Court's decision on Flynn's petition. Second, courts in ICARA cases are not to make decisions on the merits of any underlying custody disputes. Third, a respondent's argument as to whether an award is clearly inappropriate is not to be used as a vehicle through which the respondent appeals the merits of the court's decision on the petition. Because Borders's complaints about the High Court Order and this Court's order granting Flynn's petition are the only arguments he makes to support his claim that an award of attorney's fees and costs would be clearly inappropriate and those complaints have no basis in the law, the Court finds that Borders has not carried his burden of establishing that the fees are clearly inappropriate.

*Reasonableness of the Requested Attorney's Fees*

When deciding motions for attorney's fees in ICARA cases,

4

several courts have employed the lodestar method or a similar analysis to calculate reasonable attorney's fees. *See, e.g., Distler v. Distler*, 26 F. Supp. 2d 723, 727 (D.N.J. 1998); *Freier v. Freier*, 985 F. Supp. 710, 712 (E.D. Mich. 1997); *Berendsen v. Nichols*, 938 F. Supp. 737, 739 (D. Kan. 1996). *But see Antunez-Fernandes v. Connors-Fernandes*, 259 F. Supp. 2d 800, 817 (N.D. Iowa 2003) (awarding legal fees without analyzing the reasonableness of those fees).

A court determines the lodestar amount by multiplying the reasonable number of hours billed by a reasonable billing rate. *Reed v. Rhodes*, 179 F.3d 453, 471-72 (6th Cir. 1999). Reasonable attorney's fees are based on the market rates for the services rendered. *Hadix v. Johnson*, 65 F.3d 532, 536 (6th Cir. 1995). A reasonable rate will attract qualified and competent counsel without producing a windfall to the attorneys. *Northcross v. Bd. of Educ. of Memphis City Sch.*, 611 F.2d 624, 638 (6th Cir. 1979). Employing the *Johnson* factors, a court can adjust the total lodestar amount.[1]

---

[1] The *Johnson* factors are the following:

(1) the time and labor required by a given case; (2) the novelty and difficulty of the questions presented; (3) the skill needed to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys;

Flynn's counsel has submitted a detailed itemized billing statement that describes which of her three attorneys worked on her case, when they conducted their work, how long they worked on a particular project, what rate they individually charge for their services, and the projects for which they were charging a fee. The descriptions provide the Court with sufficient detail of the attorneys' work on Flynn's case and identify the general subject matter of the attorneys' time expenditures. *See Wooldridge v. Marlene Indus. Corp.*, 898 F.2d 1169, 1177 (6th Cir. 1990). As to establishing the prevailing hourly rate for the Lexington, Kentucky area, district courts have considerable "discretion to determine what constitutes a reasonable hourly rate for an attorney." *Wayne v. Village of Sebring*, 36 F.3d 517, 533 (6th Cir. 1994).

Flynn's three attorneys spent a total of 36.1 hours on her case. Greg Mitchell, a partner, submitted a rate of $275.00 per hour; David Trimble, of counsel, submitted a rate of $230.00 an hour; and Jan de Beer, a senior associate, submitted a rate of $205.00 per hour. The Court finds that those rates are in line with the market rate for such work in this geographic area, that is, they are within the rate "prevailing in the community for

---

(10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Reed*, 179 F.3d at 471 n.3 (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)).

6

similar services by lawyers of reasonably comparable skill, experience, and reputation." *Hadix*, 65 F.3d at 536.

In determining whether Flynn's attorneys have submitted a reasonable number of hours in the motion, the Court relies on several factors, including the novelty of the legal issues raised. Petitions under the Hague Convention for the return of a wrongfully removed or retained child are fairly rare cases, and it is reasonable for an attorney to spend more time researching this area of the law than an issue of state or federal law that they frequently encounter. The petition was filed on September 28, 2006, and the Court conducted a hearing and ordered further briefing on the matter before rendering its decision on January 11, 2007. Considering that Flynn's counsel filed her petition, answered Borders's counterclaim, prepared for a hearing on the matter, drafted a post-hearing supplemental brief in support of her petition, and filed a reply brief, their submission of 36.1 hours of work during this roughly three-month period is reasonable.

Furthermore, a review of cases in which other courts have decided motions for attorney's fees under § 11607 suggests that the total fees submitted by Flynn's attorneys for their work on this case are reasonable. *See, e.g.*, *Lebiedzinski v. Crane*, No. A03-0248-CV-JKS, 2005 WL 906368, at *4 (D. Alaska Apr. 13, 2005) (awarding $26,877.96 in legal fees); *Antunez-Fernandes*, 259 F. Supp. 2d at 817 (awarding $7,531.50 in legal fees); *Distler*, 26 F.

Supp. 2d at 727 (awarding $8,894.20 in legal fees); *Freier*, 985 F. Supp. at 712 (awarding $12,112.50 in legal fees); *Berendsen*, 938 F. Supp. at 739 (awarding $4,462.50 in legal fees after reducing the requested award due to the respondent's strained financial situation). Flynn also requests that Borders pay $120.00 in paralegal fees. "The Sixth Circuit has held that paralegal fees are compensable in fee shifting statutes." *Freier*, 985 F. Supp. at 712 (citing *Northcross*, 611 F.2d at 639). Those fees will be awarded as well.

*Submitted Costs*

Courts have allowed for reimbursement for various types of expenses incurred by petitioners in ICARA cases. Such expenses include but are not limited to the following: costs of telephone calls, facsimile transmissions, witness fees, certified mail and postage, service fees, copying, and filing fees. *Berendsen*, 938 F. Supp. at 739. In this case, Flynn requests reimbursement for the costs of using PACER and a messenger service, serving process, and filing her petition with the Court. These expenses qualify as necessary expenses under ICARA.

### Conclusion

Accordingly, and for the foregoing reasons, **IT IS HEREBY ORDERED**:

(1) That Flynn's motion for attorney's fees and costs [Record No. 25] be, and the same hereby is, **GRANTED IN PART AND DENIED IN**

**PART**;

(2) That Flynn is entitled to an award of $8295.50 in attorney's fees and $408.74 in costs.

This the 20th day of March, 2007.



Signed By:
*Joseph M. Hood*
United States District Judge